■ STUART LEIBOWITZ, Appellant, v PARTY EXPERIENCE, INC., Respondent. [650 NYS2d 286] —In an action to recover damages for wrongful discharge, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Burke, J.), dated December 20, 1995, which purportedly denied the defendant's motion to dismiss the complaint and "dismissed" the complaint, and (2) from an order of the same court, dated December 22, 1995, which amended the prior order by granting the defendant's motion to dismiss the complaint.

Ordered that the appeal from the order dated December 20, 1995, is dismissed, as that order was superseded by the order dated December 22, 1995; and it is further,

Ordered that the order dated December 22, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff's complaint, predicated upon his termination from employment as the chief financial officer of the defendant company because he refused to falsify sales tax reports to be submitted to the New York State Department of Taxation and Finance, was properly dismissed because the plaintiff was merely an employee at will who could be discharged at any time for any or no reason (see, Sabetay v Sterling Drug, 69 NY2d 329; see also, Murphy v American Home Prods. Corp., 58 NY2d 293). Contrary to the plaintiff's contention, the wrongful discharge cause of action does not fit within the limited exception to the employment-at-will doctrine set forth in Wieder v Skala (80 NY2d 628).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.